UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LOCAL 513, INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, TIMOTHY J. SAPPINGTON, IN HIS REPRESENTATIVE CAPACITY AS PRESIDENT AND BUSINESS MANAGER, LOCAL UNION 513 PENSION FUND, LOCAL UNION 513 HEALTH AND WELFARE FUND, LOCAL UNION 513 ANNUITY FUND, LOCAL UNION 513 JOINT APPRENTICESHIP TRAINING FUND, LOCAL 513 VACATION FUND, and TIMOTHY J. SAPPINGTON, IN HIS CAPACITY AS CHAIRMAN OF THE BOARD OF TRUSTEES OF SAID FUNDS, | |
| Plaintiffs, | Case Number |
| v. | |
| CONCRETE CORING COMPANY OF NORTH AMERICA, INC. | |
| Defendants. | |
| Serve: Gary M. Siegel, Registered Agent. | |

## COMPLAINT

COME NOW Plaintiffs, by and through undersigned Counsel, and for their Complaint against Concrete Coring Company of North America, Inc., (hereinafter referred to as "Concrete Coring"), state as follows:

### Parties

1. Plaintiff Local 513, International Union of Operating Engineers, AFL-CIO (hereinafter "Local No. 513") is a voluntary unincorporated association existing pursuant to the laws of the State of Missouri, is an "employee organization" within the meaning of Section 3(4)

of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA"), as amended, 29 U.S.C. §1002(4), a labor organization within the meaning of Section 1(5) of the Labor-Management Relations Act of 1947 (hereinafter "LMRA"), as amended, 29 U.S.C. §152(5), and represents employees in an industry affecting commerce within the meaning of 301 of the LMRA, 29 U.S.C. §185. Plaintiff Timothy J. Sappington (hereinafter "Plaintiff Sappington") is the duly authorized representative of Local No. 513 and is authorized to bring this cause of action in his representative capacity.

2. Plaintiff Local Union 513 Pension Fund (hereinafter "Pension Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiff Sappington is the Chairman and duly designated Trustee of the Pension Fund and is a fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1032. Plaintiff Sappington is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA plan.

3. Plaintiff Local Union 513 Health and Welfare Fund (hereinafter "Welfare Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiff Sappington is the Chairman and duly designated Trustee of the Pension Fund and is a fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1132. Plaintiff Sappington is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA plan.

4. Plaintiff Local Union 513 Annuity Fund (hereinafter "Annuity Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29

U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiff Sappington is the Chairman and duly designated Trustee of the Pension Fund and is a fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1132. Plaintiff Sappington is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA plan.

5.  Plaintiff Local Union 513 Joint Apprenticeship Training Fund (hereinafter "JATF Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiff Sappington is the Chairman and duly designated Trustee of the Pension Fund and is a fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1132. Plaintiff Sappington is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA plan.

6.  Plaintiff Local 513 Vacation Fund (hereinafter "Vacation Fund") is an employee benefit plan within the meaning of Sections 3(1) and (3), 502 and 515 of ERISA, 29 U.S.C. §§1002(1), (3), 1132 and 1145. Plaintiff Sappington is the Chairman and duly designated Trustee of the Pension Fund and is a fiduciary within the meaning of Section 3(21)(A) and 502 of ERISA, 29 U.S.C. §§1002(21)(A) and 1132. Plaintiff Sappington is authorized to maintain this cause of action pursuant to Section 502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3), to enforce the terms of an ERISA plan.

7.  Together, the foregoing Pension Fund, Health and Welfare Fund, Annuity Fund, Joint Apprenticeship Training Fund, and Vacation Fund shall be referred to as the "Plaintiff Funds."

8. Defendant Concrete Coring is a for-profit entity organized under the laws of the State of Missouri registered to conduct business with a listed Registered Agent, Gary M. Siegal, at 601 S. Lindbergh Blvd., St. Louis, Mo. 63131.

9. Defendant Concrete Coring is, was and at all times relevant to this action been an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, as amended, 29 U.S.C. §§1002(5), (11), (12) and 1145, and of §§2(2), (6) and (7) of the LMRA, 29 U.S.C. §§152(2), (6) and (7).

## Jurisdiction and Venue

10. This Court has jurisdiction over this matter by virtue of Sections 502(a)(3) and 515 of ERISA, as amended, 29 U.S.C. §1132(a), (3) and 1145, and Section 301 of the LMRA, 29 U.S.C. § 185 in that Plaintiff Sappington is a fiduciary who seeks to enforce the provisions of the Trust documents establishing the Plaintiff Funds, and the Union is suing for violations of its Collective Bargaining Agreement or Agreements with Defendant.

11. The Court has personal jurisdiction over Defendant, pursuant to ERISA Section 502(e), 29 U.S.C. §1132(e) and Section 301 of the LMRA, 29 U.S.C. § 185(c).

12. Venue is proper pursuant to ERISA Section 502(e)(2), 29 U.S.C. §1132(e)(2), and Section 301 of the LMRA, 29 U.S.C. § 185(a) in that the Plaintiff Funds are administered within the jurisdiction of this Court and because Local No. 513 maintains its principal office within the jurisdiction of this Court.

## Facts

13. At all times relevant to this Complaint, Defendant Concrete Coring, was and has been signatory to a valid and binding Collective Bargaining Agreement (the "Agreement") with Local No. 513.

14. At all times relevant to this Complaint, Defendant Concrete Coring was and has been signatory to a Participation Agreement with the Plaintiff Funds, by which Defendant Concrete Coring became signatory to and obligated itself to the terms and conditions of certain Trust Documents adopted by the Trustees of the Plaintiff Funds and establishing the Plaintiff Funds.

15. The Agreement and/or Trust Documents impose certain payment and reporting obligations upon signatory contractors, including Defendant Concrete Coring.

16. The Agreement and/or Trust Documents require Defendant to timely submit reports of hours worked by its employees covered by the Agreement, along with financial contributions.

17. Signatory contractors, including Defendant Concrete Coring, are required to submit reports of hours worked by covered employees, with payment, by the 20th of each month for the prior month's work.

18. The Agreement and/or Trust Documents provide that in the event a signatory contractor fails to submit timely reports of hours, or timely payments, the contractor shall be liable for liquidated damages in the amount of twenty percent (20%) of contributions due.

19. The Agreement and/or Trust Documents further provide that in the event of litigation to recover a delinquency, the contractor shall be liable for the costs of collection, including court costs, interest and attorneys' fees.

20. Despite its obligations as set forth herein, Defendant Concrete Coring has become delinquent to the Plaintiff Funds in an amount believed to be at least $19,700.06, before liquidated damages, court costs, interest and attorneys' fees.

21. Defendant, however, is believed not to have fully, accurately and completely reported its fringe benefit obligations to the Plaintiff Funds for an extended period and the full amount of its liability is therefore unknown.

22. On November 20, 2019, a Verified Petition for Appointment of Receivership was filed in The Twenty-Second Judicial Circuit, State of Missouri, in Case No. 1922-CC12060, filed by another creditor of Defendant Concrete Coring.

23. On December 6, 2019, the State Court entered an order of receivership to be in place for 120 days.

24. On January 17, 2020, Plaintiffs filed their Notice and Proof of Claim in with the Court-appointed Receiver.

25. No bond was posted by the Court-appointed receiver and the receivership dissolved before any claims by creditors of Defendant Concrete Coring, like Plaintiffs, were ever addressed.

26. As the State Court receivership order is dissolved, there is no stay preventing Plaintiffs from seeking recovery in this present action.

27. Pursuant to ERISA Section 502(g)(2)(E), 29 U.S.C. § 1132(g)(2)(E), Plaintiffs are entitled to appropriate equitable relief.

28. Since the full amount of contributions due is not known, Plaintiffs lack an adequate remedy at law and are suffering and will continue to suffer immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all its obligations required under the Agreement and Trust Documents, to submit its records to an audit and to pay required contributions and ancillary amounts to the Plaintiff Funds.

29. As a result of Defendant's failure to make these required contributions, Plaintiffs have been harmed.

WHEREFORE, Plaintiffs pray that the Court:

a. Enter Judgment for Plaintiffs and against Defendant;

b. Enter an Order awarding Plaintiffs all delinquent contributions due and owing, in an amount estimated to be at least $19,700.06 subject to proof;

c. Enter an interlocutory order requiring Defendant to submit its records to an audit, and further, that Defendant reimburses Plaintiffs the cost of said audit;

d. Enter an order awarding additional contributions determined to be due and owing pursuant to the audit;

e. Enter an order awarding Plaintiffs appropriate pre-judgment interest from the due date of all delinquent contributions to the date of judgment;

f. Enter an order awarding Plaintiffs liquidated damages in the amount of 20% of the delinquency in an amount of at least $3,940.01;

g. Enter an injunction requiring Defendant to timely submit its monthly Contribution Report Forms on a going forward basis;

h. Enter an order awarding Plaintiffs their attorney's fees, auditing fees, accounting fees, expert fees and other costs;

i. Enter an Order awarding Plaintiffs appropriate post-judgment interest; and

j. Enter orders for such further relief as the Court deems proper in the premises.

Respectfully submitted,

HARTNETT REYES-JONES, LLC


<u>/s/ Daniel J. Bryar</u>
DANIEL J. BRYAR, No. 71815MO
JAMES P. FAUL, No. 58799MO
4399 Laclede Avenue
St. Louis, MO 63108
(314) 531-1054 Telephone
(314) 531-1131 Facsimile
DBryar@hrjlaw.com
jfaul@hrjlaw.com

Attorneys for Plaintiffs